# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALBERT MEDLIN,
           Appellant,

        v.

DEPARTMENT OF HOMELAND
    SECURITY,
           Agency.

DOCKET NUMBER
AT-1221-17-0003-W-1

DATE: July 20, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

E. Michael Ruberti, Esquire, Saint Simons Island, Georgia, for the
    appellant.

Seamus Kevin Barry, Glynco, Georgia, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which denied his request for corrective action in an individual right of action (IRA) appeal. Generally, we grant petitions such as this one only in the following

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to clarify the appellant's protected disclosures and protected activity and to find that the Board lacks jurisdiction over the appellant's claims of reprisal for engaging in activity protected under 5 U.S.C. § 2302(b)(9), we AFFIRM the initial decision.

## BACKGROUND

¶2        The appellant, a Firearms Instructor at the agency's Federal Law Enforcement Training Center (FLETC), filed this IRA appeal alleging that his nonselection for a Supervisory Law Enforcement Specialist position on January 12, 2016, constituted reprisal for making protected disclosures and engaging in protected activity. Initial Appeal File (IAF), Tab 1 at 3-5. He did not request a hearing. *Id.* at 2. The administrative judge issued an order informing the appellant of his jurisdictional burden. IAF, Tab 3. In response, the appellant submitted various documents, including letters from the Office of Special Counsel (OSC), but he did not clearly articulate the nature of his whistleblower claims. IAF, Tab 4. Based on the written record, the administrative judge issued an initial decision, denying the appellant's request for corrective action. IAF, Tab 25, Initial Decision (ID). The administrative judge

construed the appellant's claims as alleging that he made various protected disclosures in the context of a Board appeal concerning a removal action, a grievance of a suspension, and a tort lawsuit the appellant filed in the U.S. District Court for the Southern District of Georgia against the proposing and deciding officials in his prior removal and suspension actions. ID at 6-7. The administrative judge found that the appellant failed to exhaust his administrative remedies regarding his disclosures made during his grievance and Board appeal proceedings. ID at 7-8. The administrative judge found that the appellant exhausted his remedies regarding his disclosures made in the context of his lawsuit and established Board jurisdiction by making nonfrivolous allegations that he disclosed a violation of law, rule, or regulation and/or an abuse of authority. ID at 8. However, the administrative judge found that the appellant failed to prove by preponderant evidence that his disclosures were protected. ID at 10-13.

¶3 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. The agency has filed an opposition to the appellant's petition, PFR File, Tab 3, and the appellant has filed a reply, PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶4 Under 5 U.S.C. § 1214(a)(3), an employee is required to exhaust his administrative remedies with OSC before seeking corrective action from the Board in an IRA appeal. *Mason v. Department of Homeland Security*, 116 M.S.P.R. 135, ¶ 8 (2011). An appellant filing an IRA appeal has not exhausted his OSC remedy unless he has filed a complaint with OSC and either OSC has notified him that it was terminating its investigation of his allegations or 120 calendar days have passed since he first sought corrective action. *Simnitt v. Department of Veterans Affairs*, 113 M.S.P.R. 313, ¶ 8 (2010). To satisfy the exhaustion requirement, the appellant must provide OSC with a sufficient basis to pursue an investigation that might lead to corrective action. *Chambers v.*

*Department of Homeland Security,* 2022 MSPB 8, ¶¶ 10-11.  An appellant may give a more detailed account of their whistleblowing activities to the Board than they did to OSC.  *Id.*  If an appellant has proved exhaustion with OSC, he can establish Board jurisdiction over an IRA appeal based on whistleblower reprisal by nonfrivolously alleging that he made a protected disclosure and/or engaged in protected activity that was a contributing factor in the agency's decision to take a personnel action.  5 U.S.C. § 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).  Once an appellant establishes jurisdiction over his IRA appeal, he then must establish a prima facie case of whistleblower retaliation by proving by preponderant evidence that he made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action taken against him.  5 U.S.C. § 1221(e)(1); *Lu v. Department of Homeland Security*, 122 M.S.P.R. 335, ¶ 7 (2015).

¶5        The administrative judge characterized the appellant's disclosures as follows:

1. That, after the appellant was reinstated to the agency following the agency's rescission of the removal, he was placed in a substandard office and he disclosed this allegation to the agency through a union grievance;

2. That the agency forced the appellant to attend training in violation of FLETC directives and he disclosed this violation to the agency through a union grievance;

3. That, after the appellant returned to work, the deciding official intentionally idled the appellant in retaliation for filing the mooted Board appeal and this allegation was disclosed through a union "cease and desist" memo to agency management;

4. That the deciding official violated a FLETC regulation by requiring the appellant to take training and this allegation was disclosed through a union grievance;

5. That the deciding official suspended the appellant for 14 nonconsecutive calendar days, instead of 14 consecutive calendar days, resulting in the appellant being actually suspended for 18 days and this allegation was disclosed during the arbitration of the

appellant's suspension and to the Board's administrative judge who presided over his mooted removal;

6. That the appellant alleged to an arbitrator and to the Board that the deciding official violated the appellant's due process rights when he relied on two documents not contained in the evidence file in removing him from duty; and

7. That the appellant filed a tort lawsuit against the deciding official in the U.S. District Court for the Southern District of Georgia alleging that the deciding official violated a law, rule, or regulation by:

    i. instituting "false, malicious" and "libelous" disciplinary charges against the appellant;

    ii. relying on two documents not contained in the evidence file for the proposed removal;

    iii. making a decision to remove/suspend him without reviewing the investigative file;

    iv. making a decision to remove/suspend him prior to receiving the appellant's reply; and

    v. extending the appellant's 14-day suspension to an 18-day suspension.

ID at 6-7.[2] To the extent the appellant intended to raise claims 1-6 as characterized by the administrative judge, we agree that the appellant failed to prove that he exhausted such claims before OSC.[3] However, we find that, based on the appellant's written response to OSC, he exhausted his claims that his nonselection constituted reprisal for filing a Board appeal of his removal and a grievance of his 14-day suspension. *Id.* at 8. We further find that the appellant exhausted claims that his nonselection constituted reprisal for filing a lawsuit in

---

[2] These claims appear to differ from those apparently identified by the appellant in a conference call. IAF, Tab 14. However, neither party addresses this issue on review.

[3] In any event, as the administrative judge found, many of these claims appear to reference acts of reprisal, not allegations of alleged protected disclosures or activity. ID at 7. However, the sole personnel action raised below was the appellant's nonselection for the Supervisory Law Enforcement Specialist position on January 12, 2016. IAF, Tab 1 at 5, Tab 14.

which he disclosed that the deciding official in his removal appeal had violated a law, rule, or regulation when the deciding official considered information beyond the investigative file, he made a decision prior to reviewing the investigative file or receiving a reply from the appellant, and he extended the appellant's 14-day suspension to an 18-day suspension. *Id.*

The Board lacks jurisdiction over the appellant's claims of reprisal under section 2302(b)(9)(A)(i).

¶6          The Whistleblower Protection Enhancement Act of 2012 (WPEA) extended the Board's jurisdiction to hear appeals of violations of 5 U.S.C. § 2302(b)(9)(A)(i), i.e., allegations of reprisal for exercising a right to complain, when the substance of that complaint seeks redress for a violation of 5 U.S.C. § 2302(b)(8). *Mudd v. Department of Veterans Affairs*, 120 M.S.P.R. 365, ¶ 7 (2013). However, the WPEA did not extend the Board's jurisdiction in IRA appeals to claims arising under 5 U.S.C. § 2302(b)(9)(A)(ii), which covers retaliation for exercising any appeal, complaint, or grievance right that does not seek to remedy a violation of section 2302(b)(8). *See Young v. Merit Systems Protection Board*, 961 F.3d 1323, 1329 (Fed. Cir. 2020) (explaining that claims of reprisal for activity protected under section 2302(b)(9)(A)(ii) are remediable through different mechanisms and not by an IRA appeal to the Board).. Here, the record reflects that the appellant's Board appeal concerning his removal, his grievance of his 14-day suspension, and his tort lawsuit did not seek to remedy whistleblower reprisal. Thus, although such activities might be protected activity under 5 U.S.C. § 2302(b)(9)(A)(ii), they are not protected activities within the Board's jurisdiction in the context of an IRA appeal under 5 U.S.C. § 2302(b)(9)(A)(i).

<u>The administrative judge properly found that the appellant failed to prove that he made a protected disclosure under section 2302(b)(8).</u>[4]

¶7       Protected whistleblowing occurs when an appellant makes a disclosure that he reasonably believes evidences a violation of law, rule, or regulation, gross mismanagement, a gross waste of funds, an abuse of authority, or a substantial and specific danger to public health or safety. *See* 5 U.S.C. § 2302(b)(8); *Mason*, 116 M.S.P.R. 135, ¶ 17. The proper test regarding a reasonable belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee reasonably could conclude that the actions of the Government evidenced one of the categories of wrongdoing identified in 5 U.S.C. § 2302(b)(8). *Mason*, 116 M.S.P.R. 135, ¶ 17.

¶8       Regarding the appellant's alleged disclosures made in the context of his lawsuit, we agree with the administrative judge that a disinterested observer would not have concluded that the appellant's disclosures evidenced any of the categories set forth in 5 U.S.C. § 2302(b)(8). First, the appellant alleged that he disclosed that the deciding official in his removal action violated a law, rule, or regulation when he considered two documents outside of the evidence file. IAF, Tab 4 at 8. The administrative judge found that a disinterested observer would not have concluded that this amounted to a violation of law, rule, or regulation because the agency provided the appellant with the documents and an opportunity to reply to the deciding official prior to the issuance of the removal decision. ID at 11; IAF, Tab 15 at 6. We discern no error in the administrative judge's analysis.

---

[4] We find that disclosure 7(i)—that the appellant filed a tort lawsuit alleging that the deciding official instituted false, malicious, and libelous disciplinary charges against him—amounts to an allegation that the appellant engaged in protected activity under section 2302(b)(9) by filing a lawsuit, not an allegation that he made a protected disclosure under section 2302(b)(8).

¶9   On review, the appellant argues that the administrative judge erred in finding that no violation occurred without analyzing whether or not the appellant had a reasonable belief that he disclosed a violation of law, rule, or regulation. PFR File, Tab 1 at 9-10. We disagree. Because the violation was cured and the appellant was aware that no violation had occurred when he made his disclosure to the court, we agree with the administrative judge that the appellant did not have a reasonable belief that he was disclosing a violation of law, rule, or regulation.

¶10   Second, we agree with the administrative judge that the appellant failed to prove that a disinterested observer would have believed that the deciding official violated a law, rule, or regulation and/or abused his authority when he made the decision to remove the appellant without reviewing the investigative file or receiving the appellant's reply. ID at 12-13. The record reflects that the deciding official considered the appellant's oral response and the investigative file. IAF, Tab 22 at 103, 172. On review, the appellant contends that the administrative judge erred in finding that he did not have a reasonable belief. PFR File, Tab 1 at 16. The appellant reiterates his argument that, based on an affidavit he obtained from a Labor Relations Specialist, he had a reasonable belief that the deciding official's mind was made up before reviewing the investigative file and hearing the appellant's oral response. *Id.* at 12. However, we agree with the administrative judge that these facts would not lead a disinterested person to believe that the deciding official violated a law, rule, or regulation, or abused his authority. Rather, as the administrative judge correctly found, a disinterested observer would simply believe that, having reviewed the investigative file and the appellant's reply, the deciding official continued to believe removal was appropriate.

¶11   Next, regarding the appellant's claim that he disclosed that the deciding official violated a law, rule, or regulation when he issued the appellant an 18-day suspension instead of a 14-day suspension, we agree with the administrative judge

that a disinterested observer would not have concluded that this amounted to a violation of a law, rule, or regulation. The appellant has not explained how such a decision would have amounted to a violation of law, rule, or regulation.

¶12 Accordingly, we conclude that the administrative judge properly found that the appellant failed to prove that he made a protected disclosure. The initial decision is affirmed as modified herein.

## NOTICE OF APPEAL RIGHTS[5]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

---

[5] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

(1) **<u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **<u>Judicial or EEOC review of cases involving a claim of discrimination</u>**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you</u>

receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[6]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[6] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                     /s/ for
                                   Jennifer Everling
                                   Acting Clerk of the Board

Washington, D.C.